IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT RITTER et al.,

              Plaintiffs,

  vs.                                  CIVIL NO.  02-177 BB/LFG

TOM BINGHAM et al.,

              Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR TELEPHONIC DEPOSITIONS

THIS MATTER is before the Court on Plaintiffs' Motion for Telephonic Depositions [Doc. 47].  Instead of traveling to North Carolina to depose Mr. & Mrs. Vance, Plaintiffs ask permission to take their depositions telephonically.  Plaintiffs cite financial considerations as the basis for the motion, stating that flying to North Carolina or, alternatively, the costs of flying Mr. and Mrs. Vance to New Mexico would be significantly expensive.  Plaintiffs seek Court authorization for the telephonic deposition pursuant to Fed. R. Civ. P. 30(b)(7).

Defendants oppose the request, question whether the rule authorizing telephonic depositions is applicable to parties, and argue that they would be prejudiced.  Defendants contend that the proposed testimony is "controversial" and that "Defendants should have the opportunity to properly defend the deposition through its observations of the impact of the questions and the related nonverbal responses of the deponents." (Response, p. 3).

### Analysis

The federal rules allow for this procedure.  The parties may stipulate to a deposition by telephone or, alternatively, Rule 30(b)(7) authorizes the parties to move the court for an order that

a deposition be taken by telephone. <u>Nagele v. Elec. Data Sys. Corp.</u>, 193 F.R.D. 94, 105 (W.D.N.Y. 2000). The moving party need only demonstrate a need for a telephonic deposition. Thereafter, the burden shifts to the party opposing the request to demonstrate prejudice. Generally, if the moving parties caries the initial burden of persuasion, the request is granted. <u>Advanti Enters., Inc. v. Underwriters at Lloyd's</u>, No. 95 Civ 4864 (CSH), 2000 WL 1568255 at *2 (S.D.N.Y. Oct. 19, 2000)("permission should be granted unless an objecting party will likely be prejudiced or the method employed `would not reasonably insure accuracy and trustworthiness'").

Beyond the fact that telephonic depositions are authorized by federal rules, the Plaintiffs' request is consistent with the costs-savings provision of the Civil Justice Reform Act, 28 U.S.C. 471 *et seq.* The two goals of the Civil Justice Reform Act are: (1) to reduce the costs of litigation; and (2) to expedite the ultimate disposition of a lawsuit. Clearly, the costs of litigation would be substantially reduced by proceeding with the telephonic depositions of Mr. and Mrs. Vance. All counsel are located in Albuquerque, New Mexico. Although the federal rules do not specifically address the place for taking the deposition of a defendant, a defendant generally is given protection from attending depositions that are not to be taken at the defendant's residence or place of business or employment, at least in the absence of unusual circumstances which justify putting the defendant to inconvenience. <u>Cont'l Fed. Sav. & Loan Ass'n. v. Delta Corp. of America</u>, 71 F.R.D. 697, 699 (W.D. Okla. 1976). Thus, all counsel would have to travel to North Carolina for the depositions. Moreover, if Plaintiffs or party representatives wanted to be present, they, too, would have to travel. Undoubtedly, that would be an expensive proposition.

The moving party's burden under Rule 30(b)(7) is not onerous. All the moving party has to do is to show a need. Legal commentaries on Rule 30(b)(7) are helpful.

> Extraordinary circumstances are not usually necessary to obtain telephonic depositions. A party seeking to take a deposition by telephone is required to show only a legitimate need for the procedure. The burden is on the party opposing the taking of a deposition by telephone to establish why the deposition should not be conducted telephonically.

1 Discovery Proceedings in Federal Court § 9.09 (Shepard's Editorial Staff eds., 3d ed. 1995).

In Jahr v. IU Int'l Corp., 109 F.R.D. 429 (M.D. No. Car. 1986), the court authorized telephonic depositions without the plaintiff having to demonstrate extraordinary circumstances. All the plaintiff presented was lack of financial means. The same is true here. Plaintiffs assert, without challenge, that travel to North Carolina will be expensive and have demonstrated that financial considerations warrant the telephonic depositions.

Defendants have not demonstrated that they would suffer prejudice, nor have they shown why the depositions should not be conducted in the manner proposed. At most, Defendants stated that to adequately defend the depositions, they should be able to observe their own clients' demeanor and reaction to questions. This argument is less compelling than being able to observe the opposing party's demeanor and responses to questions. Still, if this factor is significant for defense counsel, they are certainly free to travel to North Carolina to be present in the deposition room with their clients while the telephonic depositions occur. Additionally, Defendants have the right to arrange, at their own cost, for a real-time video conference deposition. This would allow counsel to remain in the District of New Mexico with the deponents in North Carolina, together with the court reporter and video conference operator. This procedure is authorized under Rule 30(b)(3).

Finally, the Court rejects the suggestion that 30(b)(7) is limited to non-parties. The rule does not provide nor have Defendants provided compelling authority in support of that argument.

## **Conclusion**

The Court concludes that good cause has been shown for Plaintiffs to take the telephonic depositions of the Defendants in North Carolina. All exhibits that will be used during the course of the depositions should be pre-marked and provided to the deponents well in advance of the depositions. Counsel may participate telephonically or, alternatively, should defense counsel prefer to be in the deposition room at the site of the depositions in North Carolina, they are free to travel to that locale.

_____
Lorenzo F. Garcia
United States Magistrate Judge